UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXIMA VENTURA, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Bronx, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. MCM maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

7. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

>All New York consumers who were sent letters and/or notices from MCM, in the form attached as Exhibit A, concerning a debt owned by MIDLAND FUNDING, LLC, which originated with CAPITAL ONE BANK (USA), N.A. and which included the alleged conduct and practices described herein.
>
>The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA;

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 27, 2018, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE").

19. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

22. The CAPITAL ONE obligation did not arise out of a transaction that was for business use.

23. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CAPITAL ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to February 27, 2018, the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND").

26. At the time the CAPITAL ONE obligation was purchased by and/or sold to MIDLAND, the obligation was in default.

27. On or before November 9, 2018, the CAPITAL ONE obligation was referred to MCM for the purpose of collection.

28. At the time the CAPITAL ONE obligation was referred to MCM the CAPITAL ONE obligation was past due.

29. At the time the CAPITAL ONE obligation was referred to MCM the CAPITAL ONE obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

30. Defendants caused to be delivered to Plaintiff a letter dated November 9, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The November 9, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE obligation.

32. The November 9, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receipt, Plaintiff read the November 9, 2018 letter.

34. Across the top of the November 9, 2018 letter the following appeared:

**PRE-LEGAL NOTIFICATION**
11-09-2018

35. The November 9, 2018 letter provided the following information regarding the balance claimed due on the CAPITAL ONE obligation:

Current Balance:     $6,295.46

36. The November 9, 2018 letter stated in part:

**FINAL NOTICE**
**(800) 939-2353**

After numerous attempts to contact you regarding this account, Midland Credit Management, Inc. (MCM) will transition your account into the attorney review process after **12-04-2018** Call **(800) 939-2353** now.

**If your account is moved to an attorney or legal firm, the MCM Pre-Legal Department will be unable to offer flexible payment arrangement or stop any potential litigation process.** If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law. (emphasis added)

37. The November 9, 2018 letter also stated in part:

This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action.

Here are some options to resolve your debt:
- - Pay your full balance of $6,295.46
- - Call us to see how to qualify for discounts and payment plans.

We encourage you to call us: (800) 939-2353.

We are not obligated to renew any offers provided.

38. The November 9, 2018 letter falsely misrepresented that Defendant or the current creditor was not obligated to accept a payment for the full balance at any point in time after December 4, 2018.

39. Defendant or the current creditor would have accepted a one-time payment for the full balance at any time while the current creditor still owned the debt of the Plaintiff.

40. Defendant or the current creditor would have renewed the offer to accept a one-time payment for the full balance at any time while the current creditor still owned the debt of the Plaintiff.

41. The November 9, 2018 letter falsely misrepresented that if the account was forwarded to an attorney or legal firm, then flexible payment arrangements would no longer be available to Plaintiff.

42. If the account was forwarded to an attorney or legal firm, then the attorney or legal firm would more likely than not offer flexible payment arrangements to resolve the obligation.

43. The November 9, 2018 letter falsely misrepresented that if the account was forwarded to an attorney or legal firm, then Defendant or the current creditor could not stop any potential litigation process.

44. If the account was forwarded to an attorney or legal firm, then Defendant or the current creditor could stop any potential litigation process for many reasons, including but not limited to:

- If it decided to;
- If Plaintiff became legally incapacitated;
- If Plaintiff reached a resolution directly with Defendant;
- If Plaintiff became disabled; or
- If Plaintiff made a payment directly with the Defendant for the full amount of the debt.

45. The November 9, 2018 letter created a false sense of urgency for Plaintiff to act.

46. The November 9, 2018 letter indicates that Defendant would be making the decision as to whether to send the account to an attorney or legal firm rather than the current creditor.

47. The November 9, 2018 letter would confuse the least sophisticated consumer as to which entity was making decisions and controlling actions with respect to the obligation – Defendant or the current creditor.

48. MCM knew or should have known that its actions violated the FDCPA.

49. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

51. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

52. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

55. The November 9, 2018 letter would confuse the least sophisticated consumer as to which entity was making decisions and controlling actions with respect to the obligation – the collection agency or the current creditor.

56. As described herein, Defendants' letter violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); and § 1692e(10).

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the one-time payment of the full balance would or could expire.

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the one-time payment of the full balance may not be renewed.

61. Defendant falsely represented to Plaintiff that it had the legal ability and authority to hire an attorney or legal firm and to make decisions and control actions with respect to the obligation once the litigation process began.

62. Defendant falsely implied that it had the legal ability and authority to hire an attorney or legal firm and to make decisions and control actions with respect to the obligation once the litigation process began.

63. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

65. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

66. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the debt as being time-sensitive.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt as being time-sensitive.

68. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

69. Defendant violated 15 U.S.C. § 1692e(5) as it did not have the legal ability or authority to take the actions it threatened to take.

70. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(5).

71. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

73. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

76. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

77. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

78. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 21, 2019                         Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (BK3594)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff